UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAROLD WINFIELD CAGE,

        Plaintiff,        Case No. 1:09-cv-512

v.        Honorable Paul L. Maloney

PATRICIA CARUSO et al.,

        Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Caruso, Armstrong, Muskegon Correctional Facility, and Brevard. The Court will serve the complaint against Defendants Correctional Medical Services, Inc., Prison Health Services, Inc., Michael Whalen and Shirlee Harry.

**Discussion**

I. Factual allegations

Plaintiff Harold W. Cage presently is incarcerated with the Michigan Department of Corrections (MDOC) and housed at the Muskegon Correctional Facility (MCF). Plaintiff sues MDOC Director Patricia Caruso; Prison Affairs Manager Jim Armstrong; the Muskegon Correctional Facility; MCF Warden Shirlee Harry; Correctional Medical Services, Inc. (CMS); Prison Health Services, Inc. (PHS); MCF Health Unit Manager Michael Whalen; and MCF Grievance Coordinator Matt Brevard.

In his amended complaint and affidavit, Plaintiff alleges that, on June 19, 2005, he was on parole and housed in the Areta Center in Saginaw, Michigan. Plaintiff stepped on an unsecured drainage cap in the shower and fell, hitting his left temple on the water nozzle. Plaintiff was knocked unconscious and subsequently experienced headaches and extreme dizziness and had a contusion on his left temple. He was tested at the hospital and diagnosed with a closed head injury. He was given pain medication and ordered to follow-up with medical treatment if the pain persisted. Thereafter, he experienced numerous incidents of dizziness and additional treatment and testing. On July 28, 2005, his parole agent determined that he had violated parole, and he was returned to the Saginaw County Jail, where he repeatedly collapsed and periodically reinjured himself for over a year.

Plaintiff was returned to the MDOC. Beginning on September 18, 2006 and continuing to the present, he has continued to experience multiple incidents of dizziness and chronic headaches, which, on over 40 occasions, have caused him to collapse, resulting in new injuries. The swelling to his temple tripled in size and he began to experience significant vision loss. Plaintiff

contends that Defendants were deliberately indifferent to his serious medical needs, providing inadequate testing, treatment and pain medication. He alleges that the only pain medication he has received is Tylenol. As the result of the inadequate treatment and the resultant falls, he has experienced excruciating pain and has sustained multiple reinjuries to his head and neck. He also has experienced severe depression from the untreated health conditions and has become suicidal on more than one occasion. Plaintiff further alleges that he requires the use of a wheelchair to travel any significant distance, and the wheelchair he was given is defective, causing him to fall on several occasions. He also alleges that he is being kept at a facility that is not handicapped accessible and that other prisoners are prohibited from assisting him to travel the facility grounds.

II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S.

Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

I    Muskegon Correctional Facility

Plaintiff sues the MCF for violations of the Eighth Amendment. An express requirement of 42 U.S.C. § 1983 is that the defendant be a "person." *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). MCF is an administrative unit of the Michigan Department of Corrections. Neither a prison nor a state corrections department is a "person" within the meaning of section 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989). Furthermore, Plaintiff's claim against this Defendant is barred by the Eleventh Amendment. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). That amendment prohibits suits in federal court against the state or any of its agencies or departments. *Pennhurst State Sch. & Hosp. v. Haldermann*, 465 U.S. 89, 100 (1984). A state's Eleventh Amendment immunity is in the nature of a jurisdictional defense and may be raised on the court's own motion. *Estate of Ritter v. Univ. of Michigan*, 851 F.2d 846, 851 (6th Cir. 1988). The Supreme Court has squarely held that the Eleventh Amendment bars federal suits

against state departments of corrections. *Alabama*, 438 U.S. at 782. MCF is therefore not subject to a section 1983 action.

### II. Vicarious liability

Plaintiff fails to make specific factual allegations against Defendants Caruso, Armstrong and Brevard, other than his claim that they failed to conduct an investigation in response to his grievances and failed to supervise their subordinates. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summer v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft*, 129 S. Ct. at 1948. Plaintiff has failed to allege that Defendants Caruso, Armstrong and Brevard engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

III.     Remaining Allegations

The Court determines that, at this juncture, Plaintiff has alleged an Eighth Amendment claim against Defendants Correctional Medical Services, Inc., Prison Health Services, Inc., Michael Whalen and Shirlee Harry. Accordingly, the Court will order service of the amended complaint and the supplement on those Defendants.

**Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendants Muskegon Correctional Facility, Patricia Caruso, Jim Armstrong, and Matt Brevard will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendants Correctional Medical Services, Inc., Prison Health Services, Inc., Michael Whalen and Shirlee Harry.

An Order consistent with this Opinion will be entered.


Dated:   July 28, 2009                     /s/ Paul L. Maloney
                                           Paul L. Maloney
                                           Chief United States District Judge