UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAROLD WINFIELD CAGE,

    Plaintiff,    Case No. 1:09-cv-512

v.    Honorable Paul L. Maloney

PATRICIA CARUSO et al.,

    Defendants.
            /

## **ORDER**

    This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. On July 28, 2009, following review under 28 U.S.C. §§ 1915(e)(2), 1915A and 42 U.S.C. § 1997e(c), the Court issued an opinion and order for partial service (docket ##9, 10), dismissing Defendants Patricia Caruso, Jim Armstrong, Matt Brevard and the Muskegon Correctional Facility. The Court ordered service of the complaint on the remaining Defendants. The matter presently is before the Court on "Plaintiff's Motion for Reconsideration for Dismissal [of] Defendant Caruso and the M.D.O.C." (docket #74).

    Pursuant to FED. R. CIV. P. 54(b), a non-final order is subject to reconsideration at any time before entry of a final judgment. Pursuant to Western District of Michigan Local Civil Rule 7.4(a), reconsideration is appropriate only when the movant "demonstrate[s] a palpable defect by which the Court and the parties have been mislead [sic] . . . [and] that a different disposition must result from the correction thereof." Upon review and for the reasons previously set forth, this Court finds no error in its decision dismissing Defendant Caruso. The Court issued no order with respect

to the MDOC, as Plaintiff did not name the MDOC as a party to his complaint.[1]  Plaintiff's Motion for Reconsideration therefore fails to meet the standard set forth by Rule 7.4(a).  Accordingly,

IT IS ORDERED that Plaintiff's motion for reconsideration (docket #74) is DENIED.


Dated:   January 27, 2010                             /s/ Paul L. Maloney
                                                      Paul L. Maloney
                                                      Chief United States District Judge

---

[1] Had Plaintiff named the MDOC as a party defendant, the Court would have dismissed the complaint against the MDOC.  Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute.  *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993).  Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court.  *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986).  In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment.  *See, e.g., Turnboe v. Stegall*, No. 00-1182, 2000 WL1679478, at *2 (6th Cir. Nov. 1, 2000); *Erdman v. Mich. Dep't of Corr.*, No. 94-2109, 1995 WL 150341, at *1 (6th Cir. Apr. 5, 1995); *Cullens v. Bemis*, No. 92-1582, 1992 WL 337688, at *1 (6th Cir. Nov. 18, 1992); *Adams v. Mich. Dep't of Corr.*, No. 86-1803, 1987 WL 36006, at *1 (6th Cir. May 7, 1987).  In addition, the State of Michigan (acting through the Michigan Department of Corrections) is not a "person" who may be sued under § 1983 for money damages.  *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)).