UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

HAROLD W. CAGE, #244367,

    Plaintiff,

v.

SHIRLEE A. HARRY, *et al.*,

    Defendants.

Case No. 1:09-cv-512

Honorable Paul L. Maloney

**ORDER DENYING LEAVE TO SUPPLEMENT COMPLAINT
AND TO ADD PARTIES DEFENDANT**

    This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff's *pro se* complaint alleges deprivation of his Eighth Amendment rights arising from allegedly inadequate medical care provided at the Muskegon Correctional Facility, which is located in this judicial district. As a result of Chief Judge Maloney's opinion and order entered July 28, 2009, Eighth Amendment claims remain pending against defendants Correctional Medical Services, Inc., Prison Health Services, Inc., Warden Shirlee Harry of the Muskegon Correctional Facility, and Unit Manager Michael Whalen, also employed at that prison. The court has already denied a request by plaintiff to amend his complaint to add allegations of unrelated events occurring at a different prison. (Order, docket # 58).

    Plaintiff has again moved for leave to supplement his complaint and to add three new counts and five new defendants. The new counts relate to alleged violation of plaintiff's civil rights

at the G. Robert Cotton Correctional Facility, located in Jackson, Michigan, and all the proposed new defendants are employees at that facility.

Supplemental pleadings are governed by Rule 15(d) of the Federal Rules of Civil Procedure, which allows a court to permit a party to serve a supplemental pleading "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." The purpose of supplemental pleadings under Rule 15(d) is to allow a plaintiff to update his complaint to add allegations of later events relating to his original complaint. *Albrecht v. Long Island R.R.*, 134 F.R.D. 40, 41 (E.D.N.Y. 1991). The rule does not, however, allow a plaintiff to add new claims relating to new events at a completely different prison involving not the original defendants but a whole new cast of characters. In such circumstances, leave to supplement should be denied, because there is "no linkage" between the new allegations and those set forth in the original complaint. *See Klos v. Haskell*, 835 F. Supp. 710, 716 (W.D.N.Y. 1993). The potential for abuse is compounded where, as here, the new events took place in a different judicial district. The purpose of the rule is to serve judicial economy by avoiding a multiplicity of litigation and allowing adjudication of all disputes between the parties. It does not allow daisy-chaining of unrelated events into a single lawsuit. *See Albrecht*, 134 F.R.D. at 41 (denying leave to supplement original complaint to add claims arising out of an accident occurring approximately seven months later at a different locality). Accordingly:

IT IS ORDERED that plaintiff's motion for leave to supplement complaint and to add parties (docket # 79) be and hereby is DENIED, without prejudice to plaintiff's ability to file a new lawsuit in the Eastern District of Michigan. **Any future motions presenting duplicative demands**

**for the same relief will be dismissed without analysis and may lead to the imposition of sanctions.**

DONE AND ORDERED this 26th day of March, 2010.

/s/  Joseph G. Scoville
United States Magistrate Judge