UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

___

| HAROLD W. CAGE, # 244367, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Case No. 1:09-cv-512 |
| | ) | |
| v. | ) | Honorable Paul L. Maloney |
| | ) | |
| SHIRLEE A. HARRY, et al., | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This is a civil action brought *pro se* by a state prisoner under 42 U.S.C. § 1983. Plaintiff has a history of filing abusive lawsuits and is generally prohibited from proceeding *in forma pauperis* under the "three strikes" provision of the Prison Litigation Reform Act (PLRA). 28 U.S.C. § 1915(g). Here, plaintiff was allowed to proceed *in forma pauperis* because he alleged that he was in imminent danger of serious physical injury as an inmate at the Muskegon Correctional Facility (MCF). (docket # 8). His complaint, as amended, concerns the medical care he received at the MCF from October 18, 2007 through August 12, 2009. Since the filing of this case, plaintiff has been transferred to the Chippewa Correctional Facility (URF).

Now before the court are two motions by plaintiff regarding the conditions of his confinement at URF:

(1) Motion for a preliminary injunction objecting to disciplinary action taken against plaintiff at URF (docket # 168); and

(2) Motion for a temporary restraining order (TRO) (docket # 173) complaining about various aspects of plaintiff's URF confinement, including his alleged difficulty

obtaining carbon paper to assist him in keeping up with the demands of his ten lawsuits.

For the reasons set forth herein, I recommend that plaintiff's motions for a preliminary injunction and TRO be denied.

**Discussion**

Plaintiff has the burden of demonstrating his entitlement to the extraordinary remedies he seeks. *See Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). The four factors this court is to consider when addressing such motions are well established. *See Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000); *see also Montague v. Corrections Corp. of Am.*, No. 3:10-cv-443, 2010 WL 3491192, at * 1 (M.D. Tenn. Sept. 2, 2010). The Sixth Circuit reviews decisions granting or denying motions for a TRO or preliminary injunction under an abuse of discretion standard. *See Tennessee Scrap Recyclers Ass'n v. Bredesen*, 556 F.3d 442, 447 (6th Cir. 2009); *Ohio Republican Party v. Brunner*, 543 F.3d 357, 361(6th Cir. 2008); *see also Babler v. Futhey*, No. 09-4455, __ F.3d __, 2010 WL 3324708, at * 4 (6th Cir. Aug. 25, 2010).

None of the four factors weighs in favor of granting the extraordinary relief plaintiff requests. His motions are unrelated to any claim in this case. Plaintiff's complaint concerns the adequacy of his medical treatment at the Muskegon Correctional Facility. His demand for injunctive relief involves conditions at a different prison involving unrelated defendants. He has not shown a strong likelihood of success on the merits, nor has he demonstrated that an injunction is necessary to prevent irreparable harm. The public interest would not be served by issuing a preliminary injunction or TRO, and the issuance of either form of relief would constitute unwarranted federal court interference with the State's operation of its prisons.

**Recommended Disposition**

For the reasons set forth herein, I recommend that plaintiff's motions (docket #s 168, 173) be denied.


Dated: September 30, 2010          /s/ Joseph G. Scoville
                                   United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)©; FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).