UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| HAROLD W. CAGE, # 244367, | )<br>) |
| Plaintiff, | ) Case No. 1:09-cv-512<br>) |
| v. | ) Honorable Paul L. Maloney<br>) |
| SHIRLEE A. HARRY, et al., | ) **MEMORANDUM OPINION**<br>) |
| Defendants. | )<br>) |
| _____ | ) |

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff's complaint concerns the adequacy of medical care he received at the Muskegon Correctional Facility (MCF) from October 18, 2007 through August 12, 2009. The matter is before the court on the following motions:

(1) Plaintiff's motion to compel production of documents by defendants Harry and Whalen (docket # 120);

(2) Plaintiff's motion for sanctions against defendants Harry and Whalen (docket # 121);

(3) Plaintiff's motion to compel defendant Whalen to answer requests for admissions and for sanctions (docket # 129);

(4) Plaintiff's motion for sanctions against all defendants and an award of reasonable attorney's fees (docket # 178);

(5) Defendant Correctional Medical Services, Inc.'s (CMS's) motion for a protective order (docket # 119); and

(6) Defendant Prison Health Services, Inc.'s (PHS's) motion to strike plaintiff's unauthorized third and fourth responses to its motion for summary judgment (docket # 148).

For the reasons set forth herein, plaintiff's motion to compel production of documents by defendants by Harry and Whalen (docket # 120) will be granted in part and denied in part. Defendant Whalen's attorney will be directed to arrange for plaintiff to review the maintenance records referred to in the Step II response to Grievance No. MCF-2009-01-00003-12i on or before October 14, 2010. The remainder of plaintiff's motion to compel and the accompanying motion for sanctions (docket # 121) will be denied. Plaintiff's motion to compel and for sanctions against defendant Whalen (docket # 129) will be denied. Plaintiff's motion for imposition of sanctions against all defendants and request for an award of attorney's fees (docket # 178) will be denied. Defendant CMS's motion for a protective order (docket # 119) will be granted in part and denied in part. The request for a stay of discovery will be denied. CMS's motion will be granted with regard to plaintiff's interrogatories in excess of the twenty-five he is allowed under Rule 33(a)(1)of the Federal Rules of Civil Procedure. CMS will be directed to answer interrogatory 3 of plaintiff's second set of interrogatories. The remainder of plaintiff's second set of interrogatories and all his requests for admissions will be stricken. Defendant PHS's motion (docket # 148) will be granted and plaintiff's third and fourth responses to PHS's motion for summary judgment (docket #s 142, 144) will be stricken.

**1.**

On May 14, 2010, plaintiff filed his motion to compel production of documents and a motion for sanctions against defendants Harry and Whalen. Plaintiff argues that Warden Harry's response to his first request for production of documents was deficient. (docket # 120 at 1, ID # 1741). Plaintiff requested copies of letters that he had sent to the warden in December 2008 and January 2009 "regarding medical denial or delay by the medical department." Defendant objected to this request "to the extent that it seeks medical records." (docket # 120-3, ID # 1756). Plaintiff's request was for "letters," not medical records. The objection is overruled. Defendant Harry responded that she was unable to locate any documents responsive to this request. (*Id.* at 1757). Plaintiff has received defendant's response, and there is no basis for ordering her to produce documents that she does not possess.

Plaintiff's second request for production of documents is directed to defendant Whalen. Plaintiff's request and defendant's response are quoted below:

2. Mr. Michael Whalen, on Grievance No. MCF 09010000312i, "The wheelchair is determined not to be defective per chart entries." Plaintiff is requesting the chart entries to substantiate that the wheelchair was not defective. The complete maintenance records pertaining to that particular wheelchair.

> RESPONSE: Defendants object to this Motion for Production of Documents to the extent it seeks medical records, as they can be obtained from another source that is more convenient and less burdensome. Pursuant to Michigan Department of Corrections Operating Procedure 01.06.110A, prisoners may receive copies of their medical records on a fee-for services basis. Defendants further object as there is no comment as noted in MCF 09010000312i regarding "chart entries".
> Wheelchair maintenance records are kept.

(docket # 120-3 at ID # 1757). Whalen's objections are overruled. Plaintiff did not request medical records. His primary complaint in this grievance (*see* docket # 163-1 at ID # 2678) was that other

inmates were not allowed to push him in the wheelchair that had been supplied to him as a precautionary assistive device for vertigo. The grievance includes a vague assertion that on December 23, 2008, plaintiff's wheelchair was "defective." Defendant's attorney is correct that the "grievance" does not mention "chart entries." The "chart entries" are mentioned the Step II grievance response: "The wheelchair is determined not to be defective per chart entries." (*Id.* at ID # 2679). Plaintiff's request for production was imprecise, but it was clear enough that the maintenance records should have been produced. Defendant Whalen's attorney will be ordered to arrange for plaintiff to have an opportunity to review the documents responsive to this document request on or before October 14, 2010.

Plaintiff argues that the response defendants Harry and Whalen gave to his third, fourth, and fifth requests for production of documents were deficient. Defendants objected to plaintiff's attempt to saddle them with the cost of making copies of his voluminous medical records:

> Defendants object to this Motion for Production of Documents to the extent it seeks medical records, as they can be obtained from another source that is more convenient and less burdensome. Pursuant to Michigan Department of Corrections Operating Procedure 01.06.110A, prisoners may receive copies of their medical records on a fee-for-services basis.

Plaintiff argues that he cannot afford to pay for copies of any of his medical records. (docket # 120 ¶ 2 at ID # 1741). He ignores the fact that under the operating procedure, he can seek a loan to pay for photocopies of his medical records necessary for this case. *See, e.g.*, *Abdul-Mateen v. Bell*, No. 09-cv-13710, 2010 WL 1753129, at * 3 (W.D. Mich. Mar. 29, 2010). The cost of reproducing discovery documents generally falls on the requesting party. *Ryan v. DuPage County Jury Comm.*, 1994 WL 161899, at * 4 (N.D. Ill. 1994). Defendants are not required to subsidize plaintiff's civil litigation efforts. *See Victor v. Lawler*, 2010 WL 2326248, at * 4 n.3 (M.D. Pa. June 2, 2010);

*Dujardine v. Michigan Dep't of Corr.*, No. 1:07-cv-701, 2009 WL 3401172, at * 1 (W.D. Mich, Oct. 19, 2009); *Cardwell v. Gammon*, No. 1:06-cv-58, 2007 WL 2683761, at * 2 (M.D. Ga. Sept. 7, 2007). This portion of plaintiff's motion to compel will be denied. Plaintiff's related motion for sanctions against defendants Whalen and Harry (docket # 121) will be denied, because there is no basis for imposing sanctions.

**2.**

On May 25, 2010, plaintiff filed a motion to compel and for imposition of sanctions against defendant Whalen. (docket # 129). The discovery requests attached to plaintiff's motion are labeled as requests for admissions, but are clearly interrogatories.[1] (*Id*. at ID #s 2029-30). Defendant Whalen's response (docket # 132) includes an affidavit stating that these discovery requests were never served, and plaintiff has presented no evidence to the contrary. Plaintiff's motion for sanctions and to compel defendant Whalen to answer unserved interrogatories will be denied.

**3.**

On August 26, 2010, plaintiff filed a motion to compel discovery. (docket # 167). He did not set forth verbatim or attach his discovery request and defendants' response as required. *See* W. D. MICH. LCIVR 7.1(b). Instead, plaintiff attached a copy of a letter he wrote to Administrative Assistant Shawn Lockhart complaining that he had not received a response to nine grievances he filed in 2010 regarding alleged instances of "staff corruption" at the Chippewa

---

[1] "Strictly speaking Rule 36 is not a discovery procedure at all, since it presupposes that the party proceeding under it knows the facts or has the document and merely wishes its opponent to concede their genuineness. . . . A party who desires to discover what the facts are should resort to other discovery rules rather than Rule 36." 8B CHARLES ALLEN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE & PROCEDURE, § 2253 at 324-25 (3d ed. 2010).

Correctional Facility (URF). (docket # 167-1, ID #s 2741-42). This lawsuit has nothing to do with the conditions of plaintiff's confinement at URF. This motion to compel will be denied.

**4.**

On September 20, 2010, plaintiff filed a "Motion for Sanctions and Reasonable Attorney's fees." (docket # 178). Plaintiff is proceeding *pro se* and could not possibly be entitled to attorney's fees. *See, e.g.*, *Mazza v. District Council*, Nos. 00-cv-6854, 01-cv-6602, 2010 WL 2976674, at * 3 n. 6 (E.D.N.Y. July 22, 2010); *Kilgore v. Mandeville*, No. Civ. S-07-2485, 2009 WL 806861, at * 3 (E.D. Cal. Mar. 26, 2009). The exhibits plaintiff filed in support of this motion consist of a grievance and grievances responses. (*Id.* at ID #s 2828-31). Plaintiff's dissatisfaction with the MDOC's grievance process is not a basis for imposing sanctions against defendants. Plaintiff's motion is frivolous and will be denied.

**5.**

On May 11, 2010, defendant CMS filed a motion requesting a protective order staying discovery. (docket # 119). CMS seeks a stay of discovery based on two arguments: (1) it would prefer to have discovery stayed until after the court decides its hybrid motion to dismiss and for summary judgment (docket # 86); and (2) discovery should be stayed because plaintiff has exceeded the twenty-five interrogatories that he is allowed under Rule 33(a)(1) of the Federal Rules of Civil Procedure. The court finds that CMS is not entitled to a stay of discovery on either ground, but it is entitled to entry of an order quashing plaintiff's interrogatories in excess of those authorized by Rule 33(a)(1).

CMS asks the court for an order staying discovery "until the Court decides Defendant's pending dispositive motion." (docket # 119, ¶ 14). Rule 26(c)(1) of the Federal Rules of Civil Procedure states, "The court may for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." CMS has not shown good cause. Its pending dispositive motion (docket # 86) is a hybrid motion invoking Rules 56 and 12(b)(6). Because CMS relies on evidence outside the pleadings, its motion must be treated as a motion for summary judgment. FED. R. CIV P. 12(d); *see Northville Downs v. Governor of Michigan*, No. 09-1370, slip op. at 6 (6th Cir. Sept. 27, 2010); *Bruce v. Correctional Med. Servs., Inc.*, No. 08-6339, 2010 WL 2842736, at * 2-3 (6th Cir. July 21, 2010). A protective order staying all discovery until after the court decides CMS's motion for summary judgment would likely constitute reversible error. *See Short v. Oaks Corr. Facility*, 129 F. App'x 278, 280-81 (6th Cir. 2005)(collecting cases).

CMS is entitled to relief from plaintiff's attempt to exceed his authorized number of interrogatories. Rule 33(a)(1) of the Federal Rules of Civil Procedure states, "Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Determining the number of interrogatories that have been posed by a party is necessarily a case-specific inquiry. 8B CHARLES ALAN WRIGHT, ARTHUR R. MILLER, RICHARD L. MARCUS, FEDERAL PRACTICE & PROCEDURE § 2168.1 at 39-40 (3d ed. 2010). Plaintiff used up all but three of his allotted interrogatories against CMS in his first set of interrogatories. (docket # 119-4, ID #s 1712-17). Interrogatories 6, 11, and 17 count as six interrogatories because their subparts inquire into discrete areas. Interrogatory 13 counts as three

interrogatories. Interrogatories 5, 14-16 do not count against plaintiff's allotted total against CMS because these interrogatories were specifically directed to other defendants.

Plaintiff's second set of interrogatories was far in excess of his three remaining interrogatories under Rule 33(a)(1). The first three interrogatories of plaintiff's second set are quoted below:

> 1). Would it be considered medical malpractice if a[] health care provider continued to give a "suicidal patient[]" medication if it is known that the patient[] [has] repeatedly over-dosed on medication?
>
> 2). If an inmate was placed on the "restricted medication lines" due to continuous misuse of his medication, and the facility medical department continued supplying this individual medication, who would be responsible for any attempts to over-dose on the medications?
>
> 3). If there was a contusion on the left temple that continued to grow, throb, and swell, and the only remedy that seem[ed] to relieve the "excessive throbbing and swelling" was ice, would it be more practical and feasible to issue an "ice detail" to help control the excessive soreness, throbbing and swelling of the temple's contusion?

(docket # 119-7, ID # 1729). It would be a waste of time to direct CMS to respond to the first two interrogatories because they call for legal conclusions.

Plaintiff's third interrogatory is barely intelligible. It is based on multiple assumptions. It asks whether an "ice detail" would be "more practical and feasible" for CMS, but then omits the item for comparison. This lawsuit concerns alleged deficiencies in the medical care that plaintiff received during his confinement at MCF. Thus, it must be assumed that plaintiff was asking CMS whether an "ice detail" would have been "more practical and feasible" for CMS as a response to plaintiff's subjective complaints of temple throbbing and swelling than the arrangements that it had in place during plaintiff's approximately two years of confinement at MCF. CMS will be ordered to answer this slightly more focused restatement of plaintiff's twenty-fifth interrogatory.

CMS will not be required to respond to any other interrogatories found in the second set, because they exceed plaintiff's allotted total. Further, CMS will not be required to answer plaintiff's first, second, or third requests for admissions (docket # 119-6, ID #s 1723-26; docket # 119-8, ID # 1734-36; docket # 119-9, ID #s 1739-40) because they are interrogatories. *See Scott v. Keller*, No. 2:07-cv-184, 2010 WL 1267772, at * 3-4 (E.D. Cal. Mar. 31, 2010). Plaintiff's unauthorized interrogatories and the interrogatories he labeled as requests for admissions will be stricken.

**6.**

Defendant PHS's motion (docket # 148) asks the court to strike plaintiff's third and fourth responses to its motion for summary judgment. On May 4, 2010, PHS filed its motion for summary judgment. (docket # 112). Plaintiff filed an initial response on May 14, 2010 (docket # 122), and a second response on May 24, 2010. (docket #s 126-28). PHS filed its reply brief on May 27, 2010. (docket # 131). On June 3, 2010, plaintiff filed a third response (docket # 142), followed by a fourth response on June 7, 2010. (docket # 144). Plaintiff was aware that filing these sur-reply briefs without leave of court violated Rule 7.2(c) of the Local Civil Rules of the Western District of Michigan. (*See* docket # 102, 3/29/10 Order granting CMS's motion to strike plaintiff's sur-reply brief and exhibits).

An order granting PHS's motion to strike results in no prejudice because plaintiff's third and fourth responses are irrelevant. This lawsuit concerns the purported inadequacy of plaintiff's medical care at MCF from October 18, 2007 through August 12, 2009. His third response (docket # 142) consists of an affidavit regarding his 2010 grievances and copies of the grievances.

It also includes a June 2, 2010 note in which plaintiff describes in great detail how he deliberately shoved staples into a cut in an effort to force prison officials in Jackson to take him to the hospital. (*Id.* at ID # 2089). Plaintiff's fourth response (docket # 144) is of the same ilk. It is a disorganized assortment of papers, including 2010 grievances and responses, photocopies of plaintiff's May 2010 ibuprofen prescriptions and a January 22, 2010 prisoner pass (docket # 144-2, ID #2179), and a July 15, 2008 hearing report finding that plaintiff was responsible for the cost of $1,043.00 incurred by the State when he purposefully overdosed on June 8, 2009, forcing the institution to send him to the hospital for treatment. (*Id.* at ID #s 2180-81). PHS's motion to strike plaintiff's improper and irrelevant third and fourth responses will be granted.

## **Conclusion**

For the reasons set forth herein, plaintiff's motion to compel production of documents by defendants by Harry and Whalen (docket # 120) will be granted in part and denied in part. Defendant Whalen's attorney will be directed to arrange for plaintiff to review the maintenance records referenced in the Step II response to Grievance No. MCF-2009-01-00003-12i on or before October 14, 2010. The remainder of plaintiff's motion to compel and the accompanying motion for sanctions (docket # 121) will be denied. Plaintiff's motion to compel and for sanctions against defendant Whalen (docket # 129) will be denied. Plaintiff's motion for imposition of sanctions against all defendants and request for an award of attorney's fees (docket # 178) will be denied. Defendant CMS's motion for a protective order (docket # 119) will be granted in part and denied in part. The request for a stay of discovery will be denied. CMS's motion will be granted with regard to plaintiff's interrogatories in excess of the twenty-five he was allowed under Rule 33(a)(1) of the

Federal Rules of Civil Procedure.  CMS will be directed to answer interrogatory 3 of plaintiff's second set of interrogatories on or before October 14, 2010.  The remainder of plaintiff's second set of interrogatories and all his requests for admissions will be stricken.  Defendant PHS's motion (docket # 148) will be granted and plaintiff's third and fourth responses to PHS's motion for summary judgment (docket #'s 142, 144) will be stricken.


Dated:   September 30, 2010            /s/  Joseph G. Scoville                                        
                                                        United States Magistrate Judge