UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| HAROLD WINFIELD CAGE #244367, | Case No. 1:09-cv-512 |
| Plaintiff, | HONORABLE PAUL L. MALONEY |
| v. | Magistrate Judge Ellen S. Carmody |
| CORRECTIONAL MEDICAL SERVICES, INC., PRISON HEALTH SERVICES, INC., | |
| MICHAEL WHALEN, Muskegon Correctional Facility Health Unit Manager, and SHIRLEE A. HARRY, Warden of Muskegon Correctional Facility, | |
| Defendants. | |

---

## OPINION and ORDER

**Overruling the Plaintiff's Objections and Adopting Both R&Rs:**
Dismissing as Moot the Plaintiff's Claims for Injunctive Relief Against Harry and Whalen;
Dismissing Damage Claims Against Harry & Whalen as Barred by 11th Amendment Immunity;
Dismissing All Other Claims Without Prejudice for Failure to Exhaust Administrative Remedies;
Terminating and Closing the Case

Proceeding *pro se*, Michigan state prisoner Harold Winfield Cage ("Cage") filed the original civil-rights complaint on June 4, 2009 (Doc 1), an amended complaint on June 16, 2009 (Doc 4), and a supplement to the amended complaint on July 20, 2009 (Doc 11), naming nine defendants. Because Cage has a history of frivolous and vexatious lawsuits, he has previously been prohibited from filing *in forma pauperis*, pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915(g).

Accordingly, on June 29, 2009 the undersigned initially denied Cage's motion for leave to proceed *in forma pauperis*, *see* Docs 5-6, but granted reconsideration because Cage alleged that he was in imminent danger of serious physical injury, *see* Docs 7-8. On July 28, 2009, this court issued an opinion and order which dismissed all of Cage's claims against five defendants, and most claims against the remaining four defendants. *See* Docs 9 and 10.

Remaining in the case is Cage's claim that from about October 2007 through August 2009, these four defendants were deliberately indifferent to his known serious medical needs in violation of the Eighth Amendment's prohibition on cruel and unusual punishment: Correctional Medical Services, Inc. ("CMS"), Prison Health Services, Inc. ("PHS"), Muskegon Correctional Facility Warden Shirlee A. Harry ("Warden Harry"), and Muskegon Correctional Facility Health Unit Manager Michael Whalen ("Health Manager Whalen"). Cage apparently seeks both monetary damages and injunctive relief, and he names Warden Harry and Health Manager Whalen in both their official and individual capacities. Plaintiff Cage moved for summary judgment (Doc 114), PHS cross-moved for summary judgment (Docs 157-58), and Warden Harry and Health Manager Whalen also jointly cross-moved for summary judgment (Doc 112). In addition, CMS filed a motion to dismiss or for summary judgment (Doc 86). The court received briefs in opposition to all these dispositive motions.

Pursuant to 28 U.S.C. § 636 and W.D. MICH. LCIVR 72.2(b), the four dispositive motions were automatically referred to the Honorable Ellen S. Carmody, United States Magistrate Judge, who issued two Report and Recommendations ("R&Rs") on September 30, 2010 (Docs 184 and 187). The first R&R recommends denying Cage's applications for preliminary injunctive relief, while the second R&R recommends dismissing the whole complaint for failure to exhaust

administrative remedies (or, in the alternative, to grant summary judgment to all four remaining defendants on the merits of Cage's Eighth Amendment claims). Cage filed timely objections addressing the second R&R (but not the first R&R) on October 19, 2010 (Doc 200), and defendant CMS filed a timely response on November 2, 2010. The time for the other three defendants to respond to Cage's objections has expired, and they did not file response briefs or seek an extension of time in which to do so. For the reasons that follow, the court will overrule Cage's objections and adopt the R&R, denying as moot the request for injunctive relief against Harry and Whalen, dismissing all other federal claims without prejudice for lack of administrative exhaustion, and declining supplemental jurisdiction over all state-law claims.

First, Cage has not specifically objected to the first R&R (Doc 184), which recommends denial of his applications for preliminary injunctive relief, so the court will adopt that R&R without review. Second, Cage has not specifically objected to that portion of the second R&R (Doc 187) which recommends dismissing the monetary-damage claims against Harry and Whalen as barred by Eleventh Amendment sovereign immunity, nor to that portion which recommends dismissing his claims for injunctive relief against defendants Harry and Whalen as moot because of his transfer to another facility where they are not employed, so the court will adopt those portions of the second R&R without review as well.

**Third, with regard to Cage's failure to fully exhaust administrative remedies, the court finds the R&R to be well-reasoned and is unconvinced by the plaintiff's objections.** Cage's objections purports to address his use of the administrative process at some length, but it does nothing to contest or undermine the finding that "[t]he only grievance that plaintiff filed against a

3

defendant herein that he pursued through a Step III decision before filing his complaint was Grievance No. MCF-2009-01-00035-12i . . . ." R&R at 16. In that grievance, the R&R accurately notes, Cage complained that after he returned home from the hospital on December 23, 2009, he sent a "kite" (note) to Warden Harry and received no response. *Id.* at 16-17. Cage's objections do not disprove the Magistrate's accurate observation that "Plaintiff's claim against Warden Harry is not based on her failure to respond to his kite", *id.* at 17, and therefore Cage's pursuit of said grievance does not fulfill the exhaustion requirement as to his claim against Warden Harry or anyone else.

Otherwise, Cage objects to the exhaustion recommendation as follows:

The Magistrate Judge stated, "Plaintiff filed theer [sic] (3) grievances regarding conditions of his confinement at MCF that he pursued through a Step III decision before filing this lawsuit." Plaintiff states that this was an erroneous finding of fact, in regards to Plaintiff filed numerous of [sic] grievances at M.C.F. before being transferred to Muskegon Correctional Facility [sic]. Plaintiff also filed "more than three (3) grievances through the third step at Muskegon facility. *See* Appendix A Exhibits 1 to 39, these are just some of those grievances filed. Plaintiff is at a severe disadvantage due to being lodged in administrative segregation, and not able to send <u>all</u> of those third step grievances filed at Muskegon Correctional Facility.

Defendants argued that Plaintiff did not named [sic] them "personally" in the grievance process as to indicate that Plaintiff has not fully exhausted his "available administrative remedies against them." But Plaintiff sent a "Notice of intent", Exhibit 3 Appendix A and those listed defendants w[ere] named in the notice of intent attached to exhibit 2, *see* Exhibit 13 which states "Notice of Intent MCF 09010000312I and *see* Exhibit 17 MCF 09010035121 both exhibits a notice of intent was attached to those grievances which stated

> "Plaintiff . . . am giving correctional medical services health unit manager, Mr. Mike Whalen, a second notice of intent pursuant to MCR 600.2912(b).

The first notice of intent, Exhibit 4, was filed at MCF with a different grievance. Also stated on Exhibit 17 "letters was [sic] sent to Warden Shirlee Harry . . . ."

*See* Appendix B Exhibits 1 to 5 also stated on Exhibit 20 "wrote several . . . kites to . . . warden Shirlee Harry . . . ."*See* Exhibit 38, MCF 040800755123, "Shirlee Harry on two different occasions [sic]. The third step response is locked in plaintiff's legal

4

> footlocker but this grievance also went to Step III Exhibit 18 "sent Shirlee Harry a kite regarding "deliberate indifference."
>
> *See* Exhibit 22 "Warden stated on 2-26-09, Warden's Forum that the maintenance man will look at . . . handrails . . . safety walks in showers." Exhibit 31, "Numerous of kites [sic] . . . Warden Shirlee Harry."
>
> *See* [Comp ¶] 84, "Warden Shirlee Harry came to Unit 5. Asked warden Harry why medical never informed Mr. Cage of medical x-rays." *See also* Paragraph 82.

P's Objections at 6 (some paragraph breaks added). Cage's objections *allege* that he pursued additional grievances, charging these particular defendants with wrongdoing, through Step III as required, but he fails to provide actual competent *evidence* and a coherent, clear explanation to substantiate that allegation by tying a grievance specifically to one of the instant claims. It is clear that, as the Magistrate Judge noted, Cage did pursue two other grievances through Step III at the Muskegon Correctional Facility, as required to seek judicial relief, but neither of those grievances named or pertained to any of the four remaining defendants. *See* Doc 86-4 at 1252-55 (Grievance No. MCF-2009-01-00003-12i, naming no individual) and Doc 86-4 at 1257-1260 (Grievance No. MCF-2009-01-00002-12i, against a Nurse Cooper, who is not named as a defendant herein).

Standing alone, Cage's failure to fully exhaust administrative remedies requires dismissal of his federal claims against all these defendants. This obviates the need to consider the Magistrate Judge's alternative recommended basis for dismissal of those claims. *See* R&R at 12-13 (damage claims against warden Harry and health manager Whalen are barred by Eleventh Amendment immunity); R&R at 13 (under section 1983, Harry and Whalen cannot be held vicariously liable for the allegedly deliberately-indifferent conduct and deficient provision of medical care by their employees, and CMS and PHS, as corporations, cannot be held vicariously liable unless plaintiff establishes a corporate policy or custom that caused the constitutional violation, and Cage presents

5

no evidence of such policy or custom); R&R at 13-16 and Def CMS's Response to Objections at 6-7 (while a reasonable factfinder could find that plaintiff's vertigo and mental-health problems satisfy the objective component of a deliberate-indifference claim, the evidence presented by Cage could not support a finding in his favor on the subjective component of such a claim).

## ORDER

The plaintiff's objections **[document # 200] are OVERRULED.**

The R&R at **document # 184 is ADOPTED** without specific objection:

Plaintiff's application for a preliminary injunction **[document #168] is DENIED**.

Plaintiff's application for a temporary restraining order **[document #173] is DENIED**.

The R&R at **document # 187 is ADOPTED** over plaintiff's objections:

– Plaintiff's motion for summary judgment **[document #114] is DENIED**.

– Correctional Medical Services, Inc.'s motion to dismiss or for summary judgment **[#86] is GRANTED** in part & **DENIED without prejudice as moot in part**.

– Defendant Prison Health Services, Inc.'s motion for summary judgment **[document #112] is GRANTED** in part and **DENIED without prejudice as moot in part**.

– The motion for summary of defendants Shirlee A. Harry and Michael Whalen **[doc #157] is GRANTED in part** and **DENIED without prejudice as moot in part**.

The monetary-damage claims against defendants Shirlee Harry and Michael Whalen are

**DISMISSED** as barred by Eleventh Amendment sovereign immunity.

The claims for injunctive relief against defendants Shirlee Harry and Michael Whalen are **DISMISSED as moot**.

All other claims against any of the defendants, whether arising under federal law or state law, are **DISMISSED without prejudice** for failure to exhaust administrative remedies.

This case is **TERMINATED and CLOSED**.

This is a final order.

**IT IS SO ORDERED this 10th day of November 2010.**

/s/ Paul L. Maloney
Honorable Paul L. Maloney
Chief United States District Judge